UNITED STATES of America ex rel.
KELLY'S TILE AND SUPPLY CO.,
INC., Plaintiff-Appellant,

v.

Jim W. GORDON, Individually, et al.,
Defendants-Appellees.

No. 72–2232

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 1972.

J. Q. Warnick, Gr., Lubbock, Tex., for plaintiff-appellant.

Dan M. Hurley, Lubbock, Tex., for Gordon and Wortham.

Frank L. Skillern, Jr., Dallas, Tex., for Home Indemnity Co.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

We are in agreement with the well reasoned opinion of the district court, appended hereto, and its judgment is affirmed.

APPENDIX

ORDER

(Filed April 20, 1972)

The Court has before it for consideration defendants' motion to dismiss for want of jurisdiction, and it is the opinion of the Court that the motion should be granted.

Plaintiff seeks jurisdiction under the Miller Act, 40 U.S.C.A. §§ 270a and 270b, which pertains to suits involving any "public building or public work of the United States". The property involved is a low-rent housing project owned and administered by the Housing Authority of the City of Memphis, Texas, and funded in part by the federal government.

Section 1416 of Title 42, U.S.C.A., provides that the Miller Act will apply to low-rent housing contracts involving "Federal projects." Section 1402(7) of that same title defines a "Federal project" as ". . . any project owned or administered by the [United States Housing] Authority." It is the opinion of this Court that had Congress intended to bring other categories of low-rent housing within the statute, it would not have so expressly limited the statute's coverage.

It is undisputed that the housing project at issue in this case is neither owned nor administered by the United States Housing Authority, and therefore not subject to the Miller Act.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

There being no other facts alleged upon which this Court could base jurisdiction, it is hereby ordered that the motion of defendants to dismiss for want of jurisdiction be and it is hereby granted, and the case is dismissed, without prejudice to plaintiff's right to file the cause of action in a Court having jurisdiction.

The Clerk will furnish a copy hereof to each attorney.

Entered this 19th day of April, 1972.

/s/ Halbert O. Woodward

Halbert O. Woodward
United States District Judge